**SUPREME COURT OF PENNSYLVANIA**
**CIVIL PROCEDURAL RULES COMMITTEE**
**CRIMINAL PROCEDURAL RULES COMMITTEE**
**JUVENILE COURT PROCEDURAL RULES COMMITTEE**
**MINOR COURT RULES COMMITTEE**
**ORPHANS' COURT PROCEDURAL RULES COMMITTEE**

## REPORT

On June 28, 2016, the Court amended Pa.R.J.A. No. 103 to consolidate the local rulemaking procedure in the courts of common pleas and replace the requirements currently set forth in Pa.R.C.P. No. 239, Pa.R.C.P. No. 239.8, Pa.R.Crim P. 105, Pa.R.J.C.P. 121, Pa.R.J.C.P. 1121, and Pa. O.C. Rule 1.5 (collectively "Procedural Rules"). The Court also adopted new Pa.R.C.P.M.D.J. No. 216 to provide a cross-reference to the consolidated local rulemaking procedure in Pa.R.J.A. No. 103.[1]

On August 29, 2015, the Rules Committees published a joint proposal at 45 Pa.B. 5384 to modify the local rulemaking procedure to require courts to publish their local rules on their court or county's website, which the majority are presently doing, and to effectively require the AOPC to add a link on the UJS website back to each court or county website where local rules are maintained. Each county already has a webpage on the UJS website (http://www.pacourts.us/courts/courts-of-common-pleas/). In addition, the Civil Procedural Rules Committee would prospectively expand its review to all local rules of civil procedure while the Domestic Relations Procedural Rules Committee would begin to review all new and amended "family court" rules. Please note that the scope of review is limited to whether the local rule is inconsistent with a statewide rule; the Rules Committees do not review the merits or wisdom of the local rule.

After addressing comments, some of which prompted further revisions, the Rules Committees proceeded to recommend multiple rule changes to effectuate this proposal. During this process, the need to maintain five individual procedures for the promulgation of local rules was reconsidered. Historically, the different procedures accrued as each body adopted a review process over the span of decades. However, the process is at a point where the review requirement is nearly uniform across all bodies of rules; therefore, the continued need for separate rules no longer appears substantiated.

Accordingly, the prior proposal was revised to include:

---

[1]     This recommendation also contains an amendment to the Note to Pa.R.J.A. No. 1952(B)(5) to make a corollary revision to the reference to local rule adoption procedures.

1) Consolidation of all local procedural rulemaking requirements, currently existing in various statewide procedural rules, into one Rule of Judicial Administration.

2) Compilation and publication of all local rules of judicial administration on the website of the respective court or county.

3) Expansion of the review requirement to encompass local rules governing magisterial district courts, which rules are promulgated infrequently, but included for the purpose of uniformity.

Pennsylvania Rule of Judicial Administration 103, which governs rulemaking generally in the Unified Judicial System, appeared as the appropriate vehicle for the consolidated procedure. Current subdivision (c) of Pa.R.J.A. No. 103 provides a procedure for adoption of local rules other than local procedural rules, such as local rules of judicial administration, which are outside the purview of the procedural rules. In consultation with the Administrative Office of Pennsylvania Courts, separate procedures for local rules of judicial administration and local rules of procedure were developed. Subdivision (c) governs the adoption of local rules of judicial administration, while new subdivision (d) governs the adoption of local procedural rules.

## Subdivision (c)

Current subdivision (c) functions as a "residuary" procedure. Local rules that do not come under the purview of the Procedural Rules are promulgated in accordance with subdivision (c). Revisions were made to subdivision (c) to change it from serving as a "residuary" function to a distinct category by labeling it "local rules of judicial administration."

To the greatest extent possible, the procedure in amended subdivision (c) is the same as the procedure in new subdivision (d), which will be described below. Of particular note, the numbering and format of the two subdivisions were mirrored to maintain uniformity. For example, Pa.R.J.A. No. 103(c)(4) was "reserved" so that subsequent requirements would align with those in subdivision (d).

Amended subdivision (c) differs from the procedure in new subdivision (d) in two respects. First, there is no requirement that local rules of judicial administration be reviewed to determine if they are inconsistent with the general rules of judicial administration.

Second, subdivision (c)(8) addresses several other matters outside the purview of the Procedural Rules. It has been the view of the Rules Committees that fee schedules are not procedural in nature; rather, setting fees is a matter of judicial

2

administration.  To reflect this practice, subdivision (c)(8) was revised to: (1) associate filing fees with local rules of judicial administration; and (2) create an exception to the "no local rule bar" for filing fees.  This provision permits a filing to be rejected if the filing fee is not included or otherwise waived.

### Subdivision (d)

Subdivision (d) will require all local rules of procedure to be submitted to the appropriate Rules Committee for review and approval before adoption to ensure that a local rule is not inconsistent with any general rule of the Supreme Court.[2]  For the convenience of users, subdivision (d) will allow proposed local rules to be submitted via email.  Upon written notification from the appropriate Rules Committee that the local rule is not inconsistent with any general rule of the Supreme Court, the adopting court will then need to publish the local rule in the *Pennsylvania Bulletin* for that local rule to become effective and enforceable.  All local rules become effective not less than 30 days after publication in the *Pennsylvania Bulletin*.  This allows the adopting court to set a specific date in an order to implement a local rule so long as that date is not less than 30 days after publication.  Subdivision (d) also requires the adopting court to file a copy of the local rule with the AOPC, publish a copy of the local rule on the local court website, and then compile the local rule into the set of local rules on the local court website no later than 30 days after publication in the *Pennsylvania Bulletin*.

Subdivision (d) also contains some changes from current practice.  For example, Pa.R.C.P. No. 239, Pa.R.Crim.P. 105, Pa.R.J.C.P. 121 and Pa.R.J.C.P. 1121 all contained provisions that allowed for those Rules Committees to unilaterally suspend local rules.  There is no recollection of this authority being exercised in modern rulemaking and it is believed to be an anachronism.  This authority has not been included in new subdivision (d).  However, subdivision (d)(2) does retain a Rules Committee's authority to recommend, at any time, that the Supreme Court suspend, vacate, or require amendment of a local rule.

---

[2]    The definition of "local rule" in subdivision (d)(1) does not extend to procedural rules adopted by the appellate courts.  While much of the practice and procedure in the Commonwealth Court's original jurisdiction would be governed by the Rules of Civil Procedure, *see* Pa.R.A.P. 1517, there are some proceedings subject to the Commonwealth Court's exclusive procedural rules, *see, e.g.*, Pa.R.A.P. 3771-3784.

This definition also does not include rules of civil procedure adopted by the Philadelphia Municipal Court.  Pa.R.C.P. No. 239(a) defines the term "local rule" to include local rules "which are adopted and enforced by a court of common pleas to govern civil practice and procedure."  Unlike Pa.R.Crim.P. 105, the Philadelphia Municipal Court was specifically excluded as a court that is subject to Pa.R.C.P. No. 239.  See also the definition of "Court" in Phila. M.C.R. Civ.No. 101.

New subdivision (d) provides much needed consolidation and uniformity for publication and effective dates of local rules.  It also eliminates the requirement to submit certified copies of local rules to the Rules Committees, AOPC, and the Legislative Reference Bureau pursuant to Pa.R.C.P. No. 239, Pa.R.Crim.P. 105, Pa.R.J.C.P. 121, Pa.R.J.C.P. 1121, and Pa. O.C. Rule 1.5.  Under new subdivision (d), the Rules Committees, AOPC, and the Legislative Reference Bureau will not need a certified copy of a local rule because they will be reviewing the local rule prior to publication and issuing a written notification that the local rule is approved.  As a result, the requirement to submit certified copies has been eliminated from the proposal.

### **Procedural Rules**

With the consolidation of local rulemaking procedure into Pa.R.J.A. No. 103, the Procedural Rules have been amended to eliminate the specific requirements for local rulemaking within each body of rules.  Each of the Procedural Rules provides a cross-reference to Pa.R.J.A. No. 103 indicating where local rulemaking procedure can be found.[3]  As noted above, this proposal also includes a recommendation for new Pa.R.C.P.M.D.J. No. 216, which provides the same cross-reference to Pa.R.J.A. No. 103.  This new rule was added to the proposal to provide consistency across all bodies of rules.

---

[3] Pa. O.C. Rule 1.5 also retains a provision that local rules applicable to practice in the Civil or Trial Division of the Court of Common Pleas are inapplicable to practice in the Orphans' Court Division unless so directed by the statewide rules or specifically by local orphans' court rules.

4